**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50522 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02805-MMA |
| v. | |
| SALVADOR NAVARRO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted March 12, 2013[**]

Before:   PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Salvador Navarro appeals from the district court's judgment and challenges

the 120-month sentence imposed following his guilty-plea conviction for

importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Navarro challenges the district court's denial of safety-valve relief from the statutory mandatory minimum sentence. We review the district court's interpretation of 18 U.S.C. § 3553(f) de novo, and we review its factual determination of safety-valve eligibility for clear error. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007).

Navarro contends that the district court applied an improper standard in determining his safety-valve eligibility. The record reflects that the district court applied the proper legal standard. *See id.* at 1106-07.

Contrary to Navarro's contention, the whereabouts of a load vehicle less than one month before it was used to import methamphetamine was relevant to Navarro's offense. *See* 18 U.S.C. § 3553(f)(5); *United States v. Miller*, 151 F.3d 957, 958 (9th Cir. 1998). Furthermore, the record reflects that the district court did not clearly err in finding that Navarro never provided truthful and complete information about his vehicle's whereabouts. We decline to reach Navarro's argument that the district court violated Federal Rule of Criminal Procedure 32(i)(3) because he raised it for the first time in his reply brief. *See United States v. Rearden*, 349 F.3d 608, 614 n.2 (9th Cir. 2003).

**AFFIRMED.**